UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN STEWART,

    Plaintiff,

v.

ERVIN JOSEPH LAMIE, et al.,

    Defendants.

_____/

Case No. 1:24-cv-690

HON. JANE M. BECKERING

## MEMORANDUM OPINION AND ORDER

This is a landlord-tenant action originally filed in state court by Plaintiff Steven Stewart. Pro se Defendants, Ervin Joseph Lamie and Johnny Aaron, removed to this Court on July 2, 2024 (ECF No. 1). Several months later, defendants filed a "motion to join the following individuals," which is more accurately characterized as a motion for leave to file a "Counter Complaint" against Stewart and certain other individuals (ECF Nos. 8, 8-1). This motion remains pending. Next, Plaintiff moved to remand this case for lack of federal subject matter jurisdiction, and he requested costs and attorney fees (ECF No. 10). Defendants did not respond. Then, a few months later, Defendants filed an application for entry of default against Plaintiff for failing to respond to the "Counter Complaint," which the Court has not granted leave to file; default was not entered (ECF No. 14).

The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation ("R&R"). The Magistrate Judge observed that this case "appears to be a run-of-the-mill eviction action brought by a landlord to terminate a lease pursuant to Michigan law"

(ECF No. 15 at PageID.81). The Magistrate Judge also observed that Defendants did not respond to the motion to remand, and for this reason alone, the motion should be granted (*id.* at PageID.85). Moreover, the Magistrate Judge concluded that "[D]efendants do not present any basis for federal subject matter jurisdiction" (*id.* at PageID.85). For this reason, as well, the Magistrate Judge recommended that Plaintiff's motion to remand be granted (*id.* at PageID.86). The Magistrate Judge further recommends that the Court defer ruling on defendants' pending motion to add parties (which is really a motion to file a "Counter Complaint") and that the Court invite Plaintiff to file a motion for costs and attorney fees setting forth a legal and factual basis for an award (ECF No. 15 at PageID.86–87).

In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The objections are without merit.

For an objection to be proper, this Court's Local Rule 72.3(b) requires objections "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." LCivR 72.3(b). Defendants' objections misapprehend the Magistrate Judge's legal reasoning and do not offer any basis upon which the Court could conclude that the Magistrate Judge committed an error. The Court recognizes Defendants' pro se status, but pro se litigants are held to the same standards as other litigants when it comes to easily understood deadlines, rules, and procedures. *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Moreover, Defendants' belief that "this process is a little backward" (ECF No. 16 at PageID.90) is beside the point. The Court lacks jurisdiction over this case, as "it is well settled that federal counterclaims and defenses are inadequate to confer federal

jurisdiction[.]" *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914–15 (6th Cir. 2007) (internal quotation marks omitted).  Therefore, the motion to remand is properly granted.

Accordingly, the Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 16) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 15) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion to Remand (ECF No. 10) is GRANTED and this case is REMANDED to the state court from which this case was removed.

**IT IS FURTHER ORDERED** that Plaintiff may, within 14 days of the entry of this Memorandum Opinion and Order, file an application for costs and fees setting forth the legal and factual basis for the award sought.

For the purposes of this Court's docket, this case is closed.

Dated:  July 9, 2025                                      /s/ Jane M. Beckering
                                                          JANE M. BECKERING
                                                          United States District Judge